**Stuart I. Teicher OSB No. 76353**
stuart@sussmanshank.com
**Elizabeth A. Semler OSB No. 98423**
lizs@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for Plaintiff

FILED '04 JUN 17 10:35 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON       CV '04 - 821 - HU

| | |
|---|---|
| **ENCOMPASS TELESERVICES, INC.,** an Oregon corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Intentional Interference with Economic Relations; Breach of Shareholder's Fiduciary Duty/Duty of Loyalty; Injunction) |
| **RANDALL LEE SCHEETS, aka RANDY SCHEETS,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Encompass Teleservices, Inc. ("Plaintiff"), alleges as follows:

### NATURE OF ACTION

1.  This is an action by Plaintiff, a closely held Oregon corporation, against Defendant, a shareholder therein, arising from Defendant's improper and unlawful conduct which is detrimental to the well-being of the corporation and, necessarily, the interests of the corporation's other shareholders.

### PARTIES

2.  At all times relevant herein, Plaintiff was an Oregon close corporation

providing call center services to other businesses.

3. At all times relevant herein, defendant Randall Lee Scheets, aka Randy Scheets, ("Defendant") was a citizen of the State of Washington. Since approximately late 1999, Defendant was the owner of 11% of Plaintiff's total outstanding stock. Since approximately April 2004, as the result of Plaintiff acquiring 20,000 shares of stock held by another, now former, shareholder of Plaintiff, Defendant became the owner of 17% of Plaintiff's outstanding stock.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2).

## FIRST CLAIM FOR RELIEF

### (Intentional Interference with Economic Relations)

5. Plaintiff realleges paragraphs 1 through 4, above, as if fully set forth herein.

6. On May 10, 2004, Defendant attended Plaintiff's annual shareholders meeting, at which Defendant learned, among other things, that Plaintiff wanted its directors to investigate the issuance of up to 300,000 additional shares of common stock and, if it was in the best interest of Plaintiff and its shareholders, to take all necessary actions to sell some or all of such newly issued stock (subject to applicable laws and regulations) at a price deemed reasonable by the directors after conferring with professional advisors. A resolution to that effect was passed at the meeting.

7. Defendant has interfered with Plaintiff's present and prospective economic relations with the improper motive of harming Plaintiff by impeding Plaintiff's ability to sell additional shares to raise necessary capital. In addition or alternatively, Defendant

has interfered with Plaintiff's present and prospective economic relations with the improper motive of harming Plaintiff by retaliating for Plaintiff not acceding to Defendant's demand that Plaintiff pay Defendant $750,000 to purchase Defendant's stock, even though the fair market value of Defendant's stock as established by a qualified independent appraiser is a fraction of the price demanded by Defendant.

8. In addition or alternatively, Defendant has interfered with Plaintiff's present and prospective economic relations by the use of improper means, including publishing an unprivileged, false and defamatory communication on May 28, 2004 concerning Plaintiff's "upper management" (actually Plaintiff's officers, directors and key employees), which communication damaged their business and personal reputations, and would necessarily be detrimental to Plaintiff's business and reputation. Defendant published his false and defamatory communication electronically, by posting it to a publicly accessible internet website with national distribution, with the intent of maximizing its distribution.

9. Further investigation and discovery are likely to show that, in addition or alternatively, Defendant has interfered with Plaintiff's present and prospective economic relations by the use of improper means including communicating false and misleading information to Plaintiff's employees and others, thereby creating dissension and dissatisfaction among Plaintiff's employees and requiring Plaintiff to divert resources to assuage such employees' concerns. Defendant's interference made Plaintiff's relationships with its employees more onerous and/or prevented Plaintiff from realizing the reasonably anticipated economic benefit of Plaintiff's relationship with its employees.

10. Further investigation and discovery are likely to show that, in addition or alternatively, Defendant's electronic publication of the unprivileged, false and defamatory communication was intended to maximize its adverse effect on Plaintiff's:

(a) current and potential customers with the improper purpose of causing such customers to terminate, limit, or not initiate business relations with Plaintiff; (b) current and potential employees with the improper purpose of causing such persons to terminate, or not initiate, employment relationships with Plaintiff; or (c) potential investors and lenders with the improper purpose of causing such persons to not enter into business relations with Plaintiff.

11. Defendant knew, or should have known, that the interference alleged in paragraphs 7 through 10, above, was substantially certain to occur as a result of defendant's improper actions and/or motives, and was a necessary consequence thereof.

12. As a direct and proximate result of Defendant's improper interference with Plaintiff's present and prospective economic relations, Plaintiff has suffered, and will continue to suffer, lost profits, damage to its business operations and reputation and other consequential damages in an amount to be proven with specificity at trial, but not less than $300,000, which damages continue to accrue.

13. Defendant's acts of improper interference were willful and wanton, and violate societal norms of acceptable business behavior, and are the type of conduct that justifies imposition of punitive damages, which should be awarded to Plaintiff against Defendant in the amount of not less than $250,000.

### SECOND CLAIM FOR RELIEF
### (Breach of Shareholder's Fiduciary Duty/Duty of Loyalty)

14. Plaintiff realleges paragraphs 1 through 11, above, as if fully set forth herein.

15. As a shareholder of Plaintiff, Defendant has a special relationship with Plaintiff, which includes Defendant owing Plaintiff and other shareholders the fiduciary duty of good faith, fair dealing and reasonable care and a duty of loyalty.

16.     Defendant's conduct as alleged in paragraphs 7 through 10, above, constitutes a breach of Defendant's fiduciary duty and duty of loyalty.  Plaintiff was damaged by Defendant's breach of his fiduciary duty and duty of loyalty in an amount to be proven with specificity at trial, but not less than $300,000, which damages continue to accrue.

17.     Defendant's breach of his fiduciary duty and duty of loyalty were willful and wanton, violated societal norms of acceptable business behavior, and are the type of conduct that justifies imposition of punitive damages, which should be awarded to Plaintiff against Defendant in the amount of not less than $250,000.

### THIRD CLAIM FOR RELIEF
### (Injunction)

18.     Plaintiff realleges paragraphs 1 through 17, above, as if fully set forth herein.

19.     As a result of all of Defendant's conduct as alleged above, Plaintiff has suffered, and will continue to suffer, irreparable harm to Plaintiff's present and prospective business relations.

20.     Plaintiff has no adequate remedy at law.

21.     Therefore, Plaintiff is entitled to a permanent injunction, prohibiting Defendant from continuing to issue false, misleading, and/or defamatory communications to Plaintiff's present or prospective customers, employees, investors and/or lenders and from otherwise interfering with Plaintiff's present and prospective economic relations.

**WHEREFORE**, Plaintiff demands that judgment be entered in its favor and against Defendant, as follows:

1.     On the First Claim for Relief, awarding Plaintiff judgment against Defendant in the sum of not less than $300,000 as compensatory damages, and in the

sum of not less than $250,000 as punitive damages;

2. On the Second Claim for Relief, awarding Plaintiff judgment against Defendant in the sum of not less than $300,000 as compensatory damages, and in the sum of not less than $250,000 as punitive damages;

3. On the Third Claim for Relief, awarding Plaintiff judgment against Defendant by entering a permanent injunction against Defendant prohibiting Defendant from continuing to engage in the course of conduct constituting intentional interference with Plaintiff's business relations and/or breach of shareholder's fiduciary duty/duty of loyalty; and

4. Awarding Plaintiff judgment against Defendant for Plaintiff's costs and expenses incurred herein and for such other and further relief as the court deems just and equitable.

Dated this 17th day of June, 2004.

SUSSMAN SHANK LLP

By_____
Elizabeth A. Semler OSB No. 98423
Stuart I. Teicher OSB No. 76353
(503) 227-1111
Attorneys for Encompass Teleservices, Inc.

F:\CLIENTS\15431\008\P-COMPLAINT (ENCOMPASS).DOC