IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ENCOMPASS TELESERVICES, INC., an )
Oregon corporation,              )
                                 )
         Plaintiff,              )  Case No. CV04-821-HU
                                 )
    vs.                          )
                                 )     OPINION AND ORDER
RANDALL LEE SCHEETS, aka RANDY   )
SCHEETS,                         )
                                 )
         Defendant.              )
_____)
RANDY SCHEETS,                   )
                                 )
         Third-Party Plaintiff,  )
                                 )
    vs.                          )
                                 )
SAVANT CALL CENTER ASSOCIATES, INC. )
an Arizona corporation; JOHN J.  )
CARGAL; MICHAEL A. BOYLE; PATRICK )
BOYLE; and KAROL W. KERSH,       )
                                 )
         Third-Party Defendants. )
_____)

1   - OPINION AND ORDER

David B. Markowitz
Peter H. Glade
Matthew A. Levin
J. Matthew Donohue
Markowitz, Herbold, Glade & Mehlhaf
1211 S.W. Fifth Avenue, Suite 3000
Portland, Oregon 97204
     Attorneys for plaintiff Encompass Teleservices, Inc. and
     third-party defendant Savant Call Center Associates

Michael K. Kelley
Christopher Lundberg
Haglund, Kelley, Horngren & Jones
101 S.W. Main Street, Suite 1800
Portland, Oregon 97204

Mitchell A. Broz
Jess G. Webster
Joel Watkins
Mikkelborg, Broz, Wells & Fryer
1001 Fourth Avenue, Suite 3600
Seattle, Washington 98154
     Attorneys for defendant and third-party plaintiff

John S. Ransom
Ransom Blackman
1001 S.W. Fifth Avenue, Suite 1400
Portland, Oregon 97204
     Attorneys for third party defendants Michael A. Boyle and
     Patrick Boyle

Mark Comstock
Garrett, Hemann, Robertson
1011 Commercial Street N.E.
P.O. Box 749
Salem, Oregon 97308
     Attorneys for third party defendant Karol Kersh

Stephen Crew
Ramis Crew Corrigan
1727 N.W. Hoyt Street
Portland, Oregon 97209
     Attorneys for third party defendant John J. Cargal

HUBEL, Magistrate Judge:

     The matters before the court are the motion by defendant

2    - OPINION AND ORDER

and third party plaintiff Randall Scheets for relief from the stay ordered February 24, 2006 (doc. # 236) and the motion to strike filed by third party defendants Michael A. Boyle and Patrick Boyle (doc. # 241). The motion for relief from stay is granted. The motion to strike is denied.

## Factual and Procedural Background

This action was filed by Encompass Teleservices, Inc. (Encompass) on June 17, 2004, asserting claims against defendant Randall Scheets for intentional interference with economic relations and breach of shareholder's duty of fiduciary duty. Scheets filed an answer and counterclaims, with allegations of fraud and wrongdoing against other shareholders, third party defendants Michael Boyle, Patrick Boyle, and John Cargal, and against Encompass's counsel, third party defendant Karol Kersh. Scheets also named as a third party defendant Savant Call Center Associates, an Arizona corporation (Savant), which was allegedly used as a means for the other third party defendants to divert Encompass's assets and business opportunities away from Encompass. Scheets asserted claims for an accounting, breach of fiduciary duty against Cargal and Michael and Patrick Boyle; aiding and assisting and/or conspiracy to violate minority shareholder rights against Encompass, Savant, Cargal, Kersh, and Michael and Patrick Boyle; and shareholder oppression against Cargal, Kersh and Michael and Patrick Boyle (doc. # 51). Kersh

3   - OPINION AND ORDER

brought a separate action against Scheets, <u>Kersh v. Scheets</u>, CV 04-988-HU, asserting a defamation claim. Scheets answered the complaint and asserted counterclaims for the same conduct alleged in the counterclaims against Encompass, Savant, Cargal, and Michael and Patrick Boyle.

Encompass notified the court of its intention to exercise its statutory option under Or. Rev. Stat. § 60.952 to offer to purchase Scheets's stock. The court ordered Encompass to make a written offer to purchase Scheets's stock by November 22, 2004 (doc. # 24). The deadline was not met, and the court extended it to January 21, 2005 (doc. # 32). Scheets was ordered to file his notice of acceptance of Encompass's offer to purchase, if he elected to do so, by March 22, 2005. <u>Id.</u> The January 21, 2005 deadline was not met. The court extended the deadline for Scheets to file his notice of acceptance to June 15, 2005 (doc. # 41). At Encompass's request, the court extended the time for Scheets to file his notice of acceptance to August 15, 2005 (doc. # 45). On July 14, 2005, Encompass's counsel, Stuart Teicher and the firm of Susman Shank, were replaced by Scott Jonsson and Richard Ashe and the firm of Dunn Carney (doc. # 46).

On August 15, 2005, Scheets filed his notice of rejection of Encompass's statutory purchase offer (doc. # 49). The parties filed several motions pertaining to proceedings for valuation of Scheets's stock.

4  - OPINION AND ORDER

On February 27, 2006, the court entered an order staying further proceedings on the merits of Scheets's counterclaims pending valuation of Scheets's shares in Encompass pursuant to Or. Rev. Stat. § 60.952 (doc. # 113). The court allowed discovery on issues relating to the valuation of the shares and on the impact, if any, on the value of the shares resulting from the alleged actions giving rise to the counterclaims. Id.

On April 12, 2006, the court was advised that the parties intended to complete mediation before the end of May 2006 (doc. # 123). The parties subsequently notified the court that mediation efforts had been unsuccessful.

On August 24, 2006, John Ransom was substituted as counsel of record in place of Richard Ashe and Scott Jonsson for counterclaim defendants Patrick and Michael Boyle (doc. # 166, 167). On August 29, 2006, Matthew Levin and the firm of Markowitz Herbold Glade and Mehlhaf was substituted as counsel of record in place of Richard Ashe and Scott Jonsson for Encompass and Savant.

Numerous discovery disputes consumed the months of June, July, August, September, October, and November 2006, with Encompass asserting attorney client and work product privileges for thousands of requested documents.

On October 17, 2006, the court set deadlines for completion of discovery and filing of dispositive motions, and scheduled a three day court trial for April 17, 2007 (doc. # 173). The

5   - OPINION AND ORDER

discovery deadline was subsequently extended to February 1, 2007 (doc. # 192). The court gave Scheets permission to seek attorney's fees and costs as a discovery sanction against Encompass (doc. # 185).

On January 10, 2007, the court issued an order stating that after reviewing Encompass's privilege logs, it was unable to make an informed ruling on Encompass's claims of attorney work product and attorney client privilege, and set a conference for January 11, 2007 (doc. # 203). On February 2, 2007, Matthew Levin, the third lawyer to represent Encompass and Savant, filed a motion to withdraw as their attorney (doc. # 213). On February 16, 2007, the court denied the motion to withdraw (doc. # 221). Scheets's attempts to depose Michael Boyle and Patrick Boyle were thwarted when the latter asserted their Fifth Amendment privilege against self-incrimination to all questions related to the allegations in the pleadings.

On March 22, 2007, Encompass filed a petition for Chapter 11 bankruptcy. At a status conference held on March 26, 2007, the court advised the parties that it would take no further action with respect to Scheets's motion for attorney fees and expenses (doc. # 195) or on the pending motion for protective order (doc. # 198), in light of the automatic stay in effect due to the bankruptcy filing. The pretrial conference set for April 12, 2007
///

6  -  OPINION AND ORDER

and the three day court trial set to commence on April 17, 2007, were stricken from the court's calendar (doc. # 234).

## Discussion

Scheets moves to lift the stay of February 24, 2006 on the ground that Encompass is allegedly insolvent and necessarily cannot make a "fair value" offer to Scheets for his shareholder's interest under Or. Rev. Stat. § 60.952. Scheets urges the court to allow his counterclaims against Savant, Cargal, Kersh, Michael Boyle, and Patrick Boyle to proceed.

In response, Savant contends that it, too, is insolvent, although it has not declared bankruptcy, and that it is no longer operating. Savant argues that the valuation procedure should proceed, regardless of the fact that ETI's present condition may negatively affect the valuation award, and should be decided at the direction of the bankruptcy court.

Michael and Patrick Boyle assert that Scheets's counterclaims are largely derivative causes of action, without allegations of a distinct and separate special injury to Scheets himself, and that the motion to lift the stay is in violation of the bankruptcy stay.

Scheets has filed a clarification of the scope of relief requested, stating that he asks the court to lift the stay to allow him to pursue his claims of shareholder oppression; Scheets represents to the court that he does not ask the court to allow

7    - OPINION AND ORDER

him to pursue any derivative claims on behalf of Encompass, acknowledging that such claims could violate the automatic stay, and stating that Scheets is not motivated to pursue such claims, as any recovery would benefit only Encompass's general creditors.

Despite valuation proceedings that have consumed the better part of three years, Encompass has failed to produce certified financial statements or an expert report valuing Scheets's interests. Scheets has produced an affidavit from counterclaim defendant John Cargal stating that in 2002 and 2003, Michael Boyle worked with Karol Kersh and William Holmes, Encompass's accountant, to plan and implement the transfer of Encompass's business to a new entity that would be controlled by the Boyles. Affidavit of John J. Cargal ¶ 4. Cargal states that in 2003, he received authorization and direction from Michael Boyle, Karol Kersh and William Holmes to proceed with the formation of a new entity to acquire assets and valuable contracts of Encompass. Id. at ¶ 5. At their direction, Savant Call Centers, Inc. was formed as a "stand-alone" entity. Id. Cargal states that "[u]nder Mr. Kersh's plan [Encompass] would eventually go broke, and Savant, as a stand-alone entity, would then acquire the physical assets of [Encompass]." Id. Cargal states that Savant opened its doors in 2003, in the same office park as Encompass, and Encompass "moved all of its clients except T-Mobile Customer Care over to Savant." Id. at ¶ 6.

8  -  OPINION AND ORDER

Scheets has also submitted the Affidavit of Jeff Graves, an independent contractor who began working with Savant as its site director on December 10, 2006. Affidavit of Jeff Graves ¶ 1. Graves states that at a meeting between Encompass and T-Mobile on January 10, 2007, Michael Boyle told T-Mobile that the call center resources of Encompass used by T-Mobile might not be available within six months; when T-Mobile offered to support Encompass with new lines of business, Michael Boyle responded that he was unwilling to commit to keeping Encompass open. Id. at ¶ 3. Michael Boyle proposed that all future business between T-Mobile and Encompass be transferred to a company called Colworx. Id. at ¶ 3. Following this meeting, Graves states, he and Michael Boyle met with Savant's counterparts at T-Mobile. Id. at ¶ 4. Michael Boyle again "pitched Colworx to T-Mobile's representatives as a rebranding of Savant," explaining that the "assets of Savant had been sold to Colworx," and that Michael Boyle was the sole principal of Colworx. Id.

Graves stated further in the affidavit that Michael Boyle told Graves his wife held the stock in Colworx and that the company was in his wife's name for purposes of "asset protection" from Scheets. Id. at ¶ 7. Michael Boyle told him he was going to shut down Encompass and Savant and reopen with Colworx in Spokane. Id. Graves says that later, Michael Boyle told him he planned to bankrupt Savant, personally buy its assets out of

9   - OPINION AND ORDER

bankruptcy, fire and then rehire Savant's employees under Colworx, and "reintroduce Savant to the world as Colworx." Id. at 9.

Michael and Patrick Boyle move to strike the affidavits of Graves and Cargal on the ground that they are "redundant, immaterial, impertinent or scandalous" under Rule 12(f).

Michael Boyle has submitted a Declaration stating that the affidavits of Cargal and Boyle are "replete with half truths, innuendo and falsehoods." Declaration of Michael Boyle ¶ 2. Michael Boyle characterizes Cargal's statements about the founding of Savant as coming from "a remarkably despicable period in Mr. Cargal's life and his characterizations are viewed through his biased and cloudy prism." Id. at ¶ 9. Boyle states that unbeknownst to himself or anyone at Encompass, Cargal and Adam Clark, the former CEO of Savant, "diverted virtually all of the revenue" from Savant to themselves and ultimately forced Encompass to purchase Savant. Id. at 10.

Boyle adds that Encompass has been "dragged through the mud as a result of this litigation" and as a result, is at a severe competitive disadvantage; he states that using a new name such as Colworx "may alleviate that competitive disadvantage." Id. at ¶ 14.

Michael Boyle states that Graves did not understand the conversations he heard, that Graves's memory was impaired, and

10 - OPINION AND ORDER

that Graves was responsible for "undermining the attempts of [Encompass] to maintain its high quality of business" through "internal sabotage." Id. at 16.

The affidavits submitted by both sides of this litigation provide ample evidence that allowing further delays in the adjudication of the Scheets counterclaims against the individual defendants would not serve the interests of justice.

The motion of defendant and third party plaintiff Randall Scheets for relief from the stay ordered February 24, 2006 (doc. # 236) is GRANTED, and Scheets may proceed with his claims against Savant, Cargal, Kersh, Michael Boyle and Patrick Boyle insofar as these claims are not derivative claims on behalf of Encompass. The motion to strike filed by third party defendants Michael A. Boyle and Patrick Boyle (doc. # 241) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of April, 2007.

/s/   Dennis James Hubel
         Dennis James Hubel
    United States Magistrate Judge

11 - OPINION AND ORDER