IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ENCOMPASS TELESERVICES, INC., | ) |
| Plaintiff, | ) No. 04-821-HU |
| v. | ) |
| | ) OPINION AND ORDER |
| RANDALL LEE SCHEETS, aka RANDY SCHEETS, | ) |
| Defendant. | ) |
| RANDY SCHEETS, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| SAVANT CALL CENTER ASSOCIATES, INC., an Arizona corporation; JOHN J. CARGAL; MICHAEL A. BOYLE; PATRICK BOYLE; and KAROL W. KERSH, | ) |
| Third Party Defendants. | ) |

HUBEL, Magistrate Judge:

The matters before the court are third party defendant Michael Boyle's *pro se* motion to dismiss for failure to state a claim and

OPINION AND ORDER Page 1

defendant Randall Scheets's motion for Rule 16 conference.

Although at oral argument Mr. Boyle said his motion to dismiss was originally brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, both parties have submitted evidentiary materials with their motion papers. At oral argument, counsel for Mr. Scheets asked the court to construe the motion to dismiss as a motion for summary judgment. Mr. Boyle stated that the materials he submitted on March 3, 2008 were intended to respond to materials beyond the pleadings that Mr. Scheets submitted in opposition to Mr. Boyle's motion. Mr. Scheets's counsel, while pointing out that Mr. Boyle's materials were filed late, denied any prejudice and stated he did not need to file any additional evidentiary materials. Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995)(In general, material outside the pleadings cannot be considered in ruling on a motion to dismiss under Rule 12(b)6), unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.") I treat Mr. Boyle's motion to dismiss as one for summary judgment.

Mr. Boyle's motion presents the court with two issues for resolution: first, whether the counterclaims asserted by Mr. Scheets against Mr. Boyle are derivative claims stayed by Encompass's bankruptcy filing; and second, whether a genuine issue of material fact exists with respect to the merits of Mr. Scheets's claim for breach of fiduciary duty against Michael Boyle.

On the basis of this court's order of April 24, 2007, lifting

OPINION AND ORDER Page 2

the bankruptcy stay for non-derivative claims against third party defendants Savant, Cargal, Kersh, Michael Boyle and Patrick Boyle, and the order of bankruptcy judge Trish Brown on August 14, 2007, overruling the objections of Michael and Patrick Boyle and Karol Kersh and allowing Mr. Scheets to pursue his direct claims against third parties, I conclude that the counterclaims asserted in this action against Michael Boyle are only those claims which are not derivative of the claims asserted against Encompass in the bankruptcy proceeding. Any derivative claims are stayed.

The Graves, Cargal and Watkins affidavits proffered by Mr. Scheets reveal a genuine issue of material fact on whether Michael Boyle had sufficient domination or control over Encompass between 2003 and 2007 to be liable on Scheets's breach of fiduciary claim. See Stringer v. Car Data Systems, Inc., 108 Or. App. 523, *modified on reconsideration,* 110 Or. App. 14 (1991), *aff'd,* 314 Or. 576 (1992). I conclude, therefore, that Michael Boyle is not entitled to summary judgment in his favor on this issue.

## Conclusion

Third party defendant Michael Boyle's motion to dismiss, which the court has converted into a motion for summary judgment (doc. # 294) is DENIED. Defendant Randall Scheets's motion for Rule 16 conference (doc. # 301) is DENIED as moot.

IT IS SO ORDERED.

Dated this 30th day of April, 2008.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

OPINION Page 3